**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

NICHOLAS CLARA,                                         CASE NO.: 0:19-cv-62362

      Plaintiff,
v.

KD'S AUTO SALES & SERVICE, INC.,

      Defendant.
_____/

## COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

      Plaintiff, Nicholas Clara (the "Plaintiff"), by and through counsel, sues Defendant, KD's Auto Sales & Service, Inc. (the "Defendant"), and states:

      1.     This is an action for violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201, *et seq.*, and related State law claims.

### JURISDICTION AND VENUE

      2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the action arises under federal law, namely, the FLSA.

      3.     This Court has supplemental jurisdiction over the Plaintiff's State law claims pursuant to 28 U.S.C. § 1367.

      4.     Venue is proper pursuant to 28 U.S.C. § 1391 because the conduct giving rise to the Plaintiff's claims occurred within this District.

### PARTIES

      5.     The Plaintiff is a citizen of the State of Florida and a resident of Broward County.

      6.     The Defendant is a Florida corporation doing business in Broward County, Florida.

## APPLICABILITY OF THE FAIR LABOR STANDARDS ACT

7. At all times material hereto, the Plaintiff was employed by the Defendant within the meaning of the FLSA.

8. In performing his duties for the Defendant, the Plaintiff was engaged in commerce within the meaning of the FLSA.

9. In performing his duties for the Defendant, the Plaintiff used goods and products that had been moved or produced in interstate commerce.

10. At all times material hereto, the Defendant has used goods and products that have been moved or produced in interstate commerce.

11. At all times material hereto, the Defendant has been an enterprise engaged in commerce within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

12. The Plaintiff was employed by the Defendant from approximately January 21, 2019 to July 19, 2019 (the "Covered Period").

13. Throughout the Covered Period, the Plaintiff worked for the Defendant's car dealership. Although the Defendant is a car dealership and the Plaintiff's position was labeled as a "salesman," the Plaintiff was required to do many additional tasks unrelated to selling cars, which ended up being the majority of his job duties or his primary duties.

14. Throughout the Covered Period, the Plaintiff was a full-time employee of the Defendant.

15. Throughout the Covered Period, the Defendant paid the Plaintiff on a commission basis, which converted to an hourly rate, equaled $10.01 an hour.

16. Throughout the Covered Period, the Plaintiff was required to work in excess of forty (40) hours a week.

2

17. Throughout the Covered Period, the Plaintiff worked approximately 468 hours of overtime, which should have been compensated at $15.02 an hour.

18. The Plaintiff was not compensated for his overtime.

19. The Defendant did not compensate the Plaintiff's overtime because the Defendant misclassified the Plaintiff as an independent contractor and/or exempt employee under the FLSA.

20. However, the Plaintiff was not an independent contractor in that the Defendant had substantial control over when, where, and how the Plaintiff performed his work. The Plaintiff was not an exempt employee under the FLSA because his actual job duties do not beyond the scope of any recognized exemption.

21. The Plaintiff is owed approximately $7,029.36, not including liquated damages.

**COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARD ACT (29 U.S.C. § 207)**

22. The Plaintiff realleges and incorporates by reference paragraphs 1 to 21.

23. Under the FLSA, the Plaintiff was entitled to overtime premium compensation from the Defendant of one and one-half times his regular rate of pay for the hours he worked beyond forty (40) per week for the Defendant.

24. By the above course of conduct, the Defendant violated the FLSA.

25. Upon information and belief, the Defendant's practice of not compensating the Plaintiff overtime was not approved in writing by the United States Department of Labor.

26. Upon information and belief, the Defendant's practice of not compensating the Plaintiff for overtime was not based on the Defendant's review of any policy or publication of the United States Department of Labor.

27. Upon information and belief, the Defendant's practice of not compensating the Plaintiff for overtime was not based upon any advice of counsel received by the Defendant.

28. Upon information and belief, the Defendant's practice of not compensating the Plaintiff for overtime was not based upon any investigation by the Defendant of whether the Plaintiff actually exceeded forty (40) hours during any pay period.

29. Consequently, the Defendant has violated the FLSA willfully.

30. Due to the Defendant's FLSA violations, the Plaintiff is entitled to recover from the Defendant his unpaid overtime compensation, liquidated damages, reasonable attorney's fees, and the costs of this action.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in his favor against the Defendant as follows:

(a) awarding damages in the amount of his unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

(b) awarding additional liquidated damages equal to the amount of his unpaid overtime compensation pursuant to 29 U.S.C. § 216(b);

(c) awarding reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

(d) awarding fees and costs incurred in this action; and

(e) granting any other legal or equitable relief the Court deems just and proper.

## COUNT II – UNJUST ENRICHMENT

31. The Plaintiff realleges and incorporates by reference paragraphs 1 to 21.

32. Unless the Defendant concedes the existence of an express contract covering the labor he performed, the Plaintiff has no adequate remedy at law.

33. The Plaintiff conferred benefits on the Defendant in the form of 468 hours of uncompensated overtime labor.

34. These benefits conferred by the Plaintiff directly resulted in profits for the Defendant.

35. The Defendant had knowledge of these benefits.

36. The Defendant voluntarily accepted and retained the benefits the Plaintiff conferred.

37. The circumstances are such that it would be inequitable for the Defendant to retain the benefits without paying the value thereof to the Plaintiff.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in his favor against the Defendant as follows:

(a) awarding compensatory damages in an amount to be proven at trial, as well as pre-judgment and post-judgment interest;

(b) awarding fees and costs incurred in this action; and

(c) granting any other legal or equitable relief the Court deems just and proper.

**COUNT III – RETALIATORY ACTION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT (29 U.S.C. § 215)**

38. The Plaintiff realleges and incorporates by reference paragraphs 1 to 21.

39. The FLSA prohibits employers from discharging or in any other manner discriminating against any employee because the employee exercises their rights under the FLSA. 29 U.S.C. § 215.

40. Prior to the Plaintiff's termination, the Plaintiff complained to the Defendant that he was being misclassified as an exempt employee contrary to the requirement of the FLSA.

41. The Plaintiff requested that the Defendant correctly classify him as a non-exempt employee and to compensate him accordingly.

42. The Plaintiff attempted to exercise his rights under the FLSA by bringing these issues to the Defendant's attention.

43. The Plaintiff suffered an adverse employment action in that he was terminated after bringing the misclassification to the Defendant's attention.

44. The Plaintiff was fired, in part or in whole, because he attempted to exercise his rights under the FLSA as described herein.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in his favor against the Defendant as follows:

(a) awarding compensatory damages in an amount to be proven at trial, as well as pre-judgment and post-judgment interest;

(b) awarding reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b);

(c) awarding fees and costs incurred in this action; and

(d) granting any other legal or equitable relief the Court deems just and proper.

**COUNT IV – VIOLATIONS OF THE FLORIDA WHISTLEBLOWER'S ACT**
**(FLA. STAT. § 448.401 ET SEQ.)**

45. The Plaintiff realleges and incorporates by reference paragraphs 1 to 21.

46. The Florida Whistleblower's Act, Fla. Stat. §§ 448.401, *et seq.* (the "FWA") prohibits employers from taking an adverse employment action against an employee because the employee has disclosed, threatened to disclose, objected to, or refused to participate in a violation of the law.

47. Prior to the Plaintiff's termination, he complained to the Defendant that he was being misclassified as an exempt employee contrary to the requirement of the FLSA.

48. The Plaintiff requested that the Defendant correctly classify him as a non-exempt employee and to compensate him accordingly.

49. The Plaintiff was engaged in statutorily protected activity when he brought these issues to the Defendant's attention.

50. The Plaintiff suffered an adverse employment action in that he was terminated after this incident.

51. The Plaintiff was fired, in part or in whole, because he engaged in the statutorily protected activity described herein.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in his favor against the Defendant as follows:

(a) issuing an injunction restraining the Defendant from continued violations of the FWA pursuant to Fla. Stat. § 448.103;

(b) awarding damages for lost wages, benefits, and other remuneration pursuant to Fla. Stat. § 448.103;

(c) awarding compensatory damages in an amount to be proven at trial, as well as pre-judgment and post-judgment interest pursuant to Fla. Stat. § 448.103;

(d) awarding reasonable attorney's fees and costs pursuant to Fla. Stat. § 448.104;

(e) awarding fees and costs incurred; and

(f) granting any other legal or equitable relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

The Plaintiff demands a trial by jury pursuant to Federal Rule of Civil Procedure 38.

DATED September 23, 2019.

                                            Respectfully Submitted By:

                                            Gulisano Law, PLLC
                                            5645 Coral Ridge Drive, Suite 207
                                            Coral Springs, FL 33076
                                            954-947-3972 – office
                                            954-947-3910 – fax
                                            michael@gulisanolaw.com – email

                                            <u>s/ Michael Gulisano</u>
                                            Michael Gulisano, Esquire
                                            Florida Bar No.: 87573